N.Y.S.D. Case #
10-cv-7427(JSR)

12-3023-cv
Biomed Pharmaceuticals, Inc. v. Oxford Health Plans (NY), Inc.

**MANDATE**

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

1         At a stated term of the United States Court of Appeals
2    for the Second Circuit, held at the Thurgood Marshall United
3    States Courthouse, 40 Foley Square, in the City of New York,
4    on the 18th day of June, two thousand thirteen.
5
6    PRESENT: DENNIS JACOBS,
7                           Chief Judge,
8             CHRISTOPHER F. DRONEY,
9                           Circuit Judge,
10            JOHN F. KEENAN,
11                           District Judge.*
12
13   - - - - - - - - - - - - - - - - - - - - - -X
14   BIOMED PHARMACEUTICALS, INC.,
15            Plaintiff-Appellant,
16
17            -v.-                                              12-3023-cv
18
19   OXFORD HEALTH PLANS (NY), INC.,
20            Defendant-Appellee,
21
22   OXFORD HEALTH INSURANCE, INC.,
23   UNITEDHEALTH GROUP INCORPORATED,
24            Defendants.
25   - - - - - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 14, 2013

_____

     * Judge John F. Keenan, of the United States District
Court for the Southern District of New York, sitting by
designation.

1

MANDATE ISSUED ON 11/14/2013

| | | |
|---|---|---|
| **FOR APPELLANT:** | | MARCOS DANIEL JIMENEZ (Michael Dillon, McDermott Will & Emery LLP, New York, New York, on the brief), McDermott Will & Emery LLP, Miami, Florida. |
| **FOR APPELLEE:** | | MICHAEL H. BERNSTEIN (John T. Seybert, on the brief), Sedgwick LLP, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Biomed Pharmaceuticals, Inc. appeals from the judgment of the United States District Court for the Southern District of New York (Rakoff, J.), dismissing Biomed's complaint after a bench trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Biomed, a provider of injectable medications, sued Oxford Health Plans (NY), Inc., under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) (allowing a beneficiary to bring a civil action for benefits due under a plan), after Oxford reduced payments to Biomed for services that Biomed provided to a boy suffering from hemophilia. After discovering that Biomed had waived the patient's deductible and coinsurance obligations, Oxford launched an investigation and ultimately concluded that the waivers granted by Biomed were fraudulent. Because the deductible and coinsurance obligations were unpaid and no valid waiver had been granted, Oxford stopped paying Biomed the full amount charged.

After a bench trial, we review a district court's factual findings for clear error and its legal conclusions de novo. Giordano v. Thomson, 564 F.3d 163, 168 (2d Cir. 2009). On de novo review of a claim of denial of benefits, we apply the same standard that the district court applied

to the ERISA fund administrator's decision. <u>McCauley v. First Unum Life Ins. Co.</u>, 551 F.3d 126, 130 (2d Cir. 2008). When (as here) an ERISA fund administrator has discretionary authority to deny benefits, we review the denial of benefits under a deferential "arbitrary and capricious" standard. <u>Hobson v. Metro. Life Ins. Co.</u>, 574 F.3d 75, 82-83 (2d Cir. 2009). "Under the arbitrary and capricious standard of review, we may overturn a decision to deny benefits only if it was without reason, unsupported by substantial evidence or erroneous as a matter of law." <u>Pagan v. NYNEX Pension Plan</u>, 52 F.3d 438, 442 (2d Cir. 1995) (internal quotation marks omitted). An administrator that both evaluates and pays claims for benefits has a conflict of interest, and a reviewing court "should weigh the conflict as a factor in its analysis." <u>Durakovic v. Bldg. Serv. 32 BJ Pension Fund</u>, 609 F.3d 133, 138 (2d Cir. 2010).

Under the relevant provision of ERISA (Section 502, codified at 29 U.S.C. § 1132), "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a). ERISA plaintiffs are thus "required to prove their case; to establish that they were entitled to that benefit pursuant to the terms of the Contract or applicable federal law." <u>Juliano v. Health Mgmt. Org. of N.J., Inc.</u>, 221 F.3d 279, 287-88 (2d Cir. 2000). Oxford's determination that the beneficiary had not satisfied the plan's cost-share obligations was reasonable and supported by substantial evidence. Biomed's waivers were not based on a good faith inquiry into the family's financial condition, and it appeared that Biomed granted such waivers routinely. Given the beneficiary's failure to fulfill the deductible and coinsurance obligations or to obtain an appropriately vetted waiver, it was reasonable for Oxford to pay a reduced amount. These determinations were not arbitrary and capricious, and the judgment should be affirmed.

For the foregoing reasons, and finding no merit in Biomed's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit